UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Metzler, | Case No. 22-CV-3212 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| Andrew M. Luger, | |
| Defendant. | |

On December 29, 2022, plaintiff Brian Metzler commenced fifteen new civil proceedings in this District. The above-captioned matter is one of those fifteen proceedings. In each lawsuit, Metzler alleges (in an entirely conclusory fashion) that the defendant violated his federal constitutional rights through the defendant's conduct during a lawsuit that Metzler had earlier brought in this District. *See Metzler v. Dep't of Agric.*, No. 22-CV-0263 (NEB/DJF) (D. Minn. filed Jan. 28, 2022).

Metzler has applied for *in forma pauperis* ("IFP") status in this proceeding. He qualifies for IFP status, but an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, the Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations

1

in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The complaint filed by Metzler in this proceeding does not include specific factual allegations from which a factfinder could conclude that the defendant has violated the law. Instead, the complaint consists entirely of conclusory labels—for example, that Metzler's constitutional rights have been violated, or that Metzler has been discriminated against—that are not themselves entitled to an assumption of truth at the pleading stage. *See Iqbal*, 556 U.S. at 679. A complaint need not be overly long or detailed, *see* Fed. R. Civ. P. 8(a)(2), but it must at least allege an adequate factual basis from which to find that the defendant has acted unlawfully in some way. Because Metzler's complaint does not meet this standard, this matter will be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. This matter is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The application to proceed *in forma pauperis* of plaintiff Brian Metzler [ECF No. 2] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 3, 2023                         s/Patrick J. Schiltz
                                               Patrick J. Schiltz, Chief Judge
                                               United States District Court